873 A.2d 582 (2005)
377 N.J. Super. 436
Manuel DaPURIFICACAO, Plaintiff-Appellant,
v.
ZONING BOARD OF ADJUSTMENT OF the TOWNSHIP OF UNION and Township of Union, Defendants-Respondents.
Township of Union, Plaintiff-Respondent,
v.
Manuel Dapurificacao, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 2005.
Decided May 11, 2005.
*583 Robert Brotman, Elizabeth, argued the cause for appellant.
William C. Sullivan, Jr., Lyndhurst, argued the cause for respondent Zoning Board of Adjustment of the Township of Union (Scarinci & Hollenbeck, attorneys; Mr. Sullivan, of counsel and on the brief).
Amy S. Chipperson, Union, argued the cause for respondent Township of Union (Chipperson & Chipperson, attorneys; Ms. Chipperson, of counsel and on the brief).
Before Judges WEFING, FALL and C.S. FISHER.
The opinion of the court was delivered by
C.S. FISHER, J.A.D.
This appeal requires that we consider whether the housing of racing pigeons on residential property constitutes an accessory use. Like the trial court, we answer this question in the negative and affirm.
In 1981, plaintiff Manuel DaPurificacao purchased a single-family home, on a 50 by 140 foot lot, located in a residential zone in Union Township. Soon thereafter, plaintiff applied for and was granted a permit to do work on his home. At that time, plaintiff also built a shed to house the sixty-five pigeons he then owned. He did not seek a permit to construct this shed nor was his intention to construct this shed included within the description of work for which plaintiff had been given a permit.
In 1984, plaintiff applied for a variance to convert his single-family home into a two-family home with a garage. The application was granted on the condition that *584 the construction "strictly conform" to the specifications in his application and the plans that had been approved. Neither the application nor the approved plans made any mention of the construction of a pigeon coop or that a coop was present on the property.
In 1988, plaintiff added a structure to the top of his garage in order to house his pigeons. He took this action without obtaining either a permit or a variance.
In 1999, plaintiff was issued summonses that triggered the present disputes about his pigeon coop. The first summons cited plaintiff for maintaining a structure that exceeded the height requirements for accessory uses in a residential zone, contrary to Ordinance 170-5. Another summons cited plaintiff for maintaining an impermissible accessory structure on his residential property, contrary to Ordinance 170-51. By that time, the coop referred to in these summonses was housing eighty-five pigeons.
Before any proceedings occurred with regard to these summonses, plaintiff applied to the board of adjustment for a determination that his pigeon coop constituted a permitted accessory use. That application was denied by way of a March 22, 2000 resolution. On June 5, 2000, plaintiff filed a complaint in lieu of prerogative writs seeking, among other things, a reversal of the board's denial of his application, permission to file an application for a height variance, and a determination that the ordinances were unconstitutional.
Plaintiff thereafter moved for a stay of any municipal proceedings regarding the summonses and for an amendment of his pleadings to join Union Township as a party. These motions were granted.
When the matter eventually came before the trial judge for a consideration of the merits, an oral decision was rendered on October 3, 2001. In that decision the trial judge presented his reasons for affirming the board's decision that the pigeon coop was not a permitted accessory use in a residential zone. The judge also lifted the stay so that the municipal proceedings could go forward.
In the proceedings that followed in municipal court on March 5, and April 2, 2002, plaintiff acknowledged his violation of Ordinance 170-5 (the height summons) and, after a trial, was found to have maintained a structure that constituted a non-conforming use in violation of Ordinance 170-51. Fines were assessed but held in abeyance pending plaintiff's appeal to the Law Division.
Plaintiff appealed the municipal adjudications to the Law Division on April 12, 2002. An order entered on June 7, 2002 consolidated this municipal appeal with the constitutional issues that remained undecided in the prerogative writ action.
On January 17, 2003, the trial judge ruled on the merits of the matter by rejecting plaintiff's constitutional arguments, reaffirming the board's determination that plaintiff's housing of pigeons on his residential property did not constitute a legitimate accessory use, and affirming the municipal court convictions.
Plaintiff appealed to this court and presented the following arguments:
I. SECTION 170-23 ... PURPORTING TO LIMIT ACCESSORY USES SOLELY TO THOSE EXPRESSLY PERMITTED, DOES NOT NULLIFY "IMPLIED ACCESSORY USES" PERMITTED BY SECTION 170-5.
II. THE TRIAL COURT ERRED IN DETERMINING THAT THE ZONING POWER IS DISTINCT FROM POLICE POWER, AND ERRONEOUSLY CONCLUDED THAT ZONING PROVISIONS, SUCH AS *585 SECTION 170-5, PROMULGATED PURSUANT TO THE ZONING POWER, ARE NOT SUBJECT TO PROCEDURAL DUE PROCESS CONSTITUTIONAL REQUIREMENTS OF CLARITY AND SPECIFICITY.
III. SECTION 170-5 IS UNCONSTITUTIONALLY VAGUE FROM ITS INCEPTION DATE, AND CANNOT BE SUBSEQUENTLY VALIDATED AS CONSTITUTIONALLY SOUND BY A JUDICIAL INTERPRETATION, WHICH SEEKS TO GIVE CURATIVE MEANING AND CLARITY TO IMPRECISE LANGUAGE.
IV. PLAINTIFF WAS NOT REASONABLY APPRISED, AS A MATTER OF COMMON INTELLIGENCE, IN LIGHT OF ORDINARY EXPERIENCE, THAT KEEPING RACING PIGEONS WAS NOT A PERMITTED ACCESSORY USE UNDER SECTION 170-5 OR PRIOR SECTION 200.
V. THE LANGUAGE OF SECTION 170-5 ... IS SO UNCLEAR AND VAGUE IN ALL ITS APPLICATIONS AS TO RENDER THE SECTION CONSTITUTIONALLY INVALID ON ITS FACE AND UNENFORCEABLE UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT.
VI. THE TOWNSHIP OF UNION COUNCIL MAY, BY CLEAR AND SPECIFIC ORDINANCE, BAN THE KEEPING OF RACING PIGEONS OR REGULATE THE KEEPING OF RACING PIGEONS TO ACCOMMODATE COMMUNITY CONCERNS. PLAINTIFF NEED NOT APPLY FOR A USE VARIANCE.
We reject these contentions and affirm.
We commence our consideration of plaintiff's arguments by recognizing that a literal interpretation of the ordinances in question demonstrates that the maintenance of a pigeon coop was not an expressly permitted accessory use.
Ordinance 170-5 defines an accessory use as "[a] use naturally and normally incident and subordinate to the principal use of a structure or lot." Ordinance 170-51, which lists those accessory uses permitted in a residential zone,[1] must also be read in conjunction with 170-23, which lists those uses that are prohibited anywhere in the township.[2] To close any loophole with regard to those things that did not appear in either list  such as pigeon coops  Ordinance 170-23 states that "[a]ll uses not expressly permitted by this chapter are prohibited." The plain meaning of these provisions, in this context, is readily apparent. Pigeon coops are not expressly permitted.
Of course, whether an unmentioned use may be a permissible accessory use is not determinable solely by resort to a listing of those things which are authorized and those things which are prohibited. We must also consider, as did the trial judge, whether the circumstances permit a determination *586 that the use in question is an implied accessory use. See State v. P.T. & L. Construction Co., 77 N.J. 20, 25-26, 389 A.2d 448 (1978); Tanis v. Tp. of Hampton, 306 N.J.Super. 588, 601, 704 A.2d 62 (App.Div.1997); Shim v. Washington Tp. Planning Bd., 298 N.J.Super. 395, 400-03, 689 A.2d 804 (App.Div.1997). Accordingly, despite the fact that the express terms of the ordinances, standing alone, exclude pigeon coops as accessory uses, the particular factual circumstances must be examined to determine whether it may be implied that a pigeon coop is an accessory use.
As observed, Ordinance 170-5 defines accessory uses as those "naturally and normally incident and subordinate to the principal use." In Charlie Brown of Chatham v. Bd. of Adjust. of Chatham Tp., 202 N.J.Super. 312, 324, 495 A.2d 119 (App.Div.1985) we held that "incidental" in this context incorporates two concepts  the use must be subordinate or minor in significance when compared to the primary use of the property and the use in question must bear a reasonable relationship to the primary use. In determining whether plaintiff's pigeon coop is an implied accessory use, its presence must bear a close resemblance and obvious relation to the main use to which the premises are put  here, a residence. It must also be a customary use in such a zone. As explained by the Supreme Court in P.T. & L., "[g]enerally, a use which is so necessary or commonly to be expected that it cannot be supposed that the ordinance was intended to prevent it will be found to be a customary use." 77 N.J. at 27, 389 A.2d 448.
Here, there is no obvious or close relationship between a residence and a pigeon coop, nor is it customary for homeowners in Union Township to have pigeon coops. The factual record indicates that at the times relevant to this case there were 52,000 residents of Union Township, but only one other pigeon coop, which had been closed down by the time of the hearing before the board. Thus, there is no merit to the argument that it is customary for Union Township residents to maintain pigeon coops. Accordingly, we conclude that the ordinances do not on their face permit a pigeon coop to be considered an accessory use nor should a pigeon coop be deemed an implied accessory use.[3]
We also reject plaintiff's constitutional arguments. Whether an ordinance is unconstitutionally vague cannot be decided in a vacuum but must be made in light of its context and with a firm understanding of its purpose. State v. Cameron, 100 N.J. 586, 591, 498 A.2d 1217 (1985). In stressing the importance of context, we likewise recognize that the constitutional standard that plaintiff seeks to invoke must not be mechanically applied. Ibid. Thus, it is well understood that not all ordinances need attain the same level of definitional clarity, nor can it be expected that an ordinance will expressly provide for all possible lawful uses. Tanis, supra, 306 N.J.Super. at 602, 704 A.2d 62. The ordinances in question utilize traditional terms in defining what constitutes an accessory use in a residential zone and further amplify upon their underlying intentions by providing specific examples of what is and is not permitted. The ordinances also indicate, in clear language, that all uses not enumerated are *587 prohibited. There is no vagueness in these ordinances. Nor do these ordinances become vague because the law deems that they must have more "play in their joints" and because the law permits a finding that a particular use, not expressly dealt with in an ordinance, may be found by implication to be a legitimate accessory use. This implied accessory doctrine simply permits a determination of whether a use, perhaps not contemplated at the time of an ordinance's enactment, should be authorized regardless of the brightlines drawn by the ordinance, and hardly creates a basis from which it could be argued that the ordinance is impermissibly vague. See State v. Russo, 328 N.J.Super. 181, 191-92, 745 A.2d 540 (App.Div.), certif. denied, 165 N.J. 134, 754 A.2d 1210 (2000). We thus find no substance in plaintiff's argument that the ordinances either on their face or as applied to his pigeon coop are unconstitutionally vague.
After having carefully reviewed the record, we conclude that plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] Ordinance 170-51 lists only "private garages," "private residential toolsheds or storage buildings not exceeding ten feet in height," "fences and walls," "signs", "private residential swimming pools, including outdoor hot tubs," "off-street parking," "lampposts, trellises, patios, decks and similar utility, ornamental and landscaping structures," "not more than one roomer or boarder per dwelling unit in one- and two-family dwelling structures only," and "recreational vehicles."
[2] Ordinance 170-23 lists only "abortion clinics, narcotics clinics, the sale or display of narcotics paraphernalia, massage parlors, establishments that display, sell or exhibit obscene or indecent material, animal hospitals, flea markets, and the storage, use or manufacture of liquefied petroleum gases."
[3] We need not determine whether Colts Run Civic Ass'n v. Colts Neck Tp., 315 N.J.Super. 240, 717 A.2d 456 (Law Div.1998) was correctly decided because its determination that a pigeon coop was a permissible accessory use was made in the context of a two-acre residential property in an agricultural zone, a circumstance vastly different from plaintiff's maintenance of a pigeon coop on a 50 by 140 foot lot in a residential zone.